IN THE COURT OF CRIMINAL APPEALS

                                   OF TEXAS

 

                                                                              

                                                               NO.
PD-1081-06



 

 

                                        VINCENT HENRY FLOWERS, Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS

 



                   ON APPELLANT=S PETITION FOR DISCRETIONARY REVIEW

                                     FROM
THE SECOND COURT OF APPEALS

                                                            DENTON  COUNTY



 

Johnson,
J., filed a concurring opinion in which Price, J., joined.

                                                                              

C
O N C U R R I N G   O P I N I O N

The
times, they are a changin=,
and the court system must change also. 
But we must change with caution, lest the changes produce unfortunate,
potentially unrectifiable, results.  And
if the state may now use a wider assortment of sources to prove alleged prior
convictions, a defendant must also be allowed to use a wider assortment of
sources to disprove alleged prior convictions.








When
allowing use of non-traditional resources, courts must exercise great care in
assuring that the defendant is sufficiently connected to the prior conviction.[1]
Assuring that a sufficient connection exists requires at least two things: 1)
enough information to establish that the conviction can be connected to its
proper owner; and 2) the information is sufficiently corroborated.  More information makes the connection more
reliable.  Clearly, we must not depend
only on a name or even a name and a birth date.   An inexhaustive list of factors that might
be considered includes: full name, date of birth, Social Security number, what
the prior offense was, the place and date of the prior offense, the date of
conviction, testimony about the prior conviction from a corrections, parole, or
probation officer, or the prosecutor of the prior conviction.  However the information is produced, it must
sufficiently connect the defendant to the prior offense. 

Another
crucial issue is corroboration.  Some
agencies are more diligent about accuracy and completeness than others.  Variances in relevant data should not be
ignored; they should be investigated. 
And finally, corroboration must not be a single agency speaking through
two other agencies.  For example, the
state produces a driving record and a criminal history printout from TCIC that
was obtained from the county of conviction. 
The same relevant information in each is the same.  The problem is that, for both exhibits, the
source is probably the same: the Department of Public Safety.  The records may be, and probably are,
correct, but they should not be seen as corroborating each other; it is one
agency speaking from two mouths.   

I
concur in the judgment of the Court.

Filed: April 18, 2007

Publish











[1] Recently, in a Texas county, two young men, sharing
the same full name and the same birth date and birth year, were arrested for
the same charged offense on the same day. 
They hired different lawyers, who became confused by communications from
court personnel about court dates that did not comport with their own
records.  The confusion was ended when
someone discovered the odd coincidences of the arrests.  Such mixups are certainly rare, but they
obviously are possible.